[NOT FOR PUBLICATION]
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 
No. 96-1450

 UNITED STATES,

 Appellee,

 v.

 JEREMIAS GUZMAN,

 Defendant, Appellant.
 
No. 96-1608

 UNITED STATES,

 Appellee,

 v.

 NATANAEL GUZMAN,

 Defendant, Appellant.
 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Mark L. Wolf, U.S. District Judge] 
 

 Before

 Selya, Cyr and Boudin,
 Circuit Judges. 
 

Ronald Ian Segal on brief for appellant, Jeremias Guzman. 
William J. O'Hare on brief for appellant, Natanael Guzman. 
Donald K. Stern, United States Attorney, William F. Sinnott, 
Assistant U.S. Attorney, and Patrick M. Hamilton, Assistant U.S. 
Attorney, on brief for appellee.
 
 March 11, 1997
 

 Per Curiam. Jeremias and Natanael Guzman appeal from 

their sentences on two related grounds. First, they argue

that the district court erred in rejecting their claim that

government agents had engaged in sentencing factor

manipulation by requesting that the cocaine they purchased

from appellants be delivered in crack rather than powder

form. Second, appellants contend that the district court

erred in denying their request for an evidentiary hearing on

the sentencing manipulation claim. Natanael Guzman filed a

supplemental pro se brief in which he raised several 

additional issues. 

 This court has emphasized that "garden variety

manipulation claims are largely a waste of time. . . .

[S]entencing factor manipulation is a claim only for the

extreme and unusual case." United States v. Montoya, 62 F.3d 

1, 4 (1st Cir. 1995). We agree with the district court that,

even assuming the truth of the facts alleged by appellants at

sentencing, appellants have failed to demonstrate sentencing

manipulation amounting to "extraordinary misconduct." Id.  

"Because manipulation is largely a fact-bound inquiry, even

the district court's ultimate judgment whether the

government's conduct is outrageous or intolerable is not

lightly to be disregarded." Id. at 4. We decline to reverse 

that judgment here.

 The district court did not abuse its discretion in

 -2-

denying appellants' request at sentencing for an evidentiary

hearing on the issue of sentencing factor manipulation.

Under the Sentencing Guidelines, "when any factor important

to the sentencing determination is reasonably in dispute, the

parties shall be given an adequate opportunity to present

information to the court regarding that factor." U.S.S.G.

 6A1.3. In this case, the facts in the presentence report

were undisputed. The district court repeatedly questioned

appellants at sentencing about the facts that they sought to

prove by introducing evidentiary evidence. Rather than hold

a formal hearing, the court assumed, for the purposes of

sentencing, the truth of those alleged facts. The court

properly concluded that, even with those assumptions,

appellants were not entitled to an adjustment in their

sentences. There was no abuse of discretion.

 In his pro se supplemental brief, Natanael Guzman raises 

several additional issues, none of which entitle him to

relief. Natanael objects belatedly to certain evidentiary

matters related to the grand jury proceedings. Even had the

issues been raised below (which they apparently were not),

Natanael's guilty plea "effectuates a waiver of any and all

independent non-jurisdictional lapses that may have marred

the case's progress up to that point." United States v. 

Cordero, 42 F.3d 697, 699 (1st Cir. 1994). Natanael also 

waived his constitutional right to a speedy trial, not only

 -3-

by failing to assert the right, but also by contributing to

the delay when he moved for a continuance of the trial date.

See Barker v. Wingo, 407 U.S. 514, 529 (1972). Finally, 

because Natanael did not present his ineffective assistance

claim to the trial court first, we decline to consider it.

See United States v. Guzman, 85 F.3d 823, 830 (1st Cir. 

1996). 

 The convictions and sentences of Jeremias and Natanael

Guzman are summarily affirmed. See Loc. R. 27.1. 

 -4-